UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN, CDCR #T-01859,<br><br>                                 Plaintiff,<br><br>vs.<br><br>K. WILLIAMS, et al.,<br><br>                                Defendants. | Case No. 23cv1142-JO (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, AND DISMISSING COMPLAINT PURUSANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

Plaintiff Dai Nguyen ("Plaintiff") is a state prisoner incarcerated at Calipatria State Prison in Calipatria, California. Proceeding *pro se*, he filed this lawsuit alleging that correctional counselors violated his constitutional rights when they denied his several requests to transfer prisons. *See* Dkt. 1 ("Complaint"). Plaintiff requested leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and filed a Motion to Appoint Counsel. Dkts. 2, 3. For the reasons explained below, the Court grants Plaintiff's request to proceed IFP, denies his motion to appoint counsel, and dismisses his Complaint with leave to amend.

///

///

1

# I. BACKGROUND

Plaintiff alleges that prison counselors Williams, Zepeda, Gray, and Barrios ("Defendants") impaired Plaintiff's ability to litigate his cases by denying his transfer requests as follows.

- After filing a January 2019 petition for resentencing in Sacramento Superior Court, Plaintiff requested to be transferred to New Folsom State Prison ("Folsom") in Sacramento County so that he could be "close to [his] court-appointed lawyer and discuss legal matters for pending court dates." Compl. at 3. Counselor Gray denied his transfer request. *Id.*

- In October 2019, after filing a new petition for resentencing and to be appointed counsel, Plaintiff again requested transfer to Folsom to attend a hearing in that matter. *Id.* Counselor Martinez denied this request. *Id.*

- Plaintiff renewed his request for a transfer by asking Counselor Zepeda but Counselor Williams "vehemently denie[d this] transfer. *Id.* at 4.

- Prior to his August 21, 2020 court hearing, Plaintiff asked Counselor Zepeda for an early transfer to a facility near the court. *Id.* at 5. Officers ultimately denied his transfer and he was forced to appear in court virtually. *Id.*

- In December 2021, Plaintiff requested another transfer explaining that he required this transfer due to a hearing impairment.[1] *Id.* at 6. This request was also denied. *Id.*

---

[1] To the extent Plaintiff seeks to amend to claim he was denied a reasonable accommodation for his hearing impairment, the Americans with Disabilities Act ("ADA") requires Plaintiff to allege
  (1) he 'is an individual with a disability'; (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities'; (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity'; and
  (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'
*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

- At Plaintiff's annual committee meeting for 2022, Plaintiff requested a transfer and was denied. *Id*. The prison also denied a previously approved transfer to Corcoran State Prison. *Id*.

Because Defendants refused to transfer him to a facility close to his lawyer and the court, Plaintiff alleges that he missed multiple court dates, *id.* at 5, 7, was forced to attend a hearing by video instead of in person, *id.* at 5, and could not speak to his attorney in person. *Id.* at 5, 7. As a result, he "could not effectively communicate with counsel . . . and could not properly argue the issues" during his court hearings. *Id.* at 5; *see also id.* at 8.

Based on the above facts, Plaintiff filed suit against correctional counselors Williams, Zepeda, Gray, and Barrios alleging that they violated his (1) right of access to courts, (2) right to counsel, and (3) right to a fair hearing. *See generally* Compl. He also requested to proceed *in forma pauperis* and asked the Court to appoint counsel for him in this action.

## II. MOTION TO PROCEED IFP

The Court first examines whether Plaintiff may proceed without paying the filing fee in this case. A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs who wish to proceed IFP must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). For prisoners to establish an inability to pay, the Prison Litigation Reform Act ("PLRA") requires submission of "a certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff has established an inability to pay the filing fee. In support of his motion, Plaintiff submitted a Prison Certificate issued by Calipatria State Prison containing information regarding his prison trust activity. Dkt. 7 at 1. This certificate indicates that Plaintiff has an average monthly balance of $59.96, and an average of $29.13 in monthly deposits. *Id.* His available balance at the time of filing was $0.00. *Id.* The Court finds Plaintiff has established an inability to pay the required $405 filing fee and GRANTS Plaintiff's IFP Motion. While the Court will not assess an initial payment, Plaintiff will be required to pay the entire filing fee in installments which will be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

### III. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding IFP, his complaint must undergo a *sua sponte* screening for dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (same with respect to 28 U.S.C. § 1915A(a) & (b)(1)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Although failure to state a claim under § 1915(e) incorporates the Rule 12(b)(6)

standard, an IFP litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

## IV. DISCUSSION

In this complaint, Plaintiff claims that by denying his prison transfer requests, Defendants deprived him of the following constitutional rights: (1) access to courts; (2) right to counsel; and (3) the right to a fair hearing. The Court will address whether Plaintiff has stated a valid legal claim under these three legal theories "sufficient to meet the low threshold for proceeding past the screening stage." *Id.* at 1123.

**A. Access to Courts**

The Court first examines whether Plaintiff has pled a claim for denial of access to courts based upon Defendants' denial of his various requests for prison transfers. Under the First and Fourteenth Amendments, a prisoner has a fundamental right of access to courts without interference by prison officials. *Lewis v. Casey*, 518 U.S. 343, 352 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202 (9th Cir. 2015). To state a claim for denial of access to courts, a plaintiff must plausibly allege an "'actual injury—that is, actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348–49; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury to include an "inability to file a complaint or defend against a charge"). "Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to an access to courts claim. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, Plaintiff fails to state an access to courts claim because he fails to identify specific ways in which the denial of his transfer requests disadvantaged his litigation. His broad allegations that he could not "effectively communicate with counsel," Compl. at 5, are not sufficient to establish actual negative impact on his litigation. For example, Plaintiff does not allege specific instances where he could not reach or communicate certain information to counsel. Nor does he identity how any such difficulties in communications

resulted in specific disadvantages, such as the inability to present certain claims or arguments. *See generally* Compl. Plaintiff's allegation that he could not "properly argue the issues," *id.* at 5, is similarly too general to establish specific injury or prejudice. He does not allege that his video appearances prevented him from making any specific requests or arguments to the court. Neither does he identify concrete consequences resulting from these barriers to communication, such as the denial of specific requests or negative findings by the court. Because Plaintiff has failed to identify how Defendants' actions caused "actual injury" to his litigation efforts,[2] he has not adequately pled a claim for denial of access to courts. The Court, therefore, dismisses this claim.

**B. Right to Counsel**

The Court next examines whether Plaintiff has sufficiently pled that he was denied right to counsel because Defendants denied him transfers that would have placed him physically closer to his attorneys. The Sixth Amendment prohibits government interference into the attorney-client relationship. *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980). To state a violation of the Sixth Amendment's right to counsel through government interference, the plaintiff must allege that the government's actions substantially prejudiced him. *Id.*; *see also Weatherford v. Bursey*, 429 U.S. 545, 558 (1977) (holding that plaintiff could not state a section 1983 claim for violation of the Sixth Amendment right to counsel without a showing of substantial prejudice). Courts have held that examples of "substantial prejudice" includes the introduction of negative evidence at trial, "the prosecution's use of confidential information pertaining to defense plans and strategy," and "other actions designed to give the prosecution an unfair advantage at trial." *Williams v. Woodford*, 384 F.3d 567, 585 (9th Cir. 2004). Vague and conclusory

---

[2] Because Plaintiff was represented by counsel at his resentencing hearing and its appeal, he must further show he was unable to litigate his attorney access claims in his state court proceedings. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (holding that a prisoner's access to courts claim can only be brought where the remedy is not otherwise available in the underlying suit); *see also Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (the availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

allegations regarding unspecified barriers to a prisoner's relationship with counsel fail to state a cognizable section 1983 claim for deprivation of the right to counsel. *See Stanley v. Vining*, 602 F.3d 767, 770 (9th Cir. 2010).

Here, Plaintiff has not identified any specific prejudice that he suffered as a result of prison officials his requests to be closer to his attorneys. Plaintiff's vague and conclusory allegations that he was unable to effectively communicate with counsel do not demonstrate that the Defendants' actions substantially prejudiced him. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim). Similar to Plaintiff's right of access to courts claim, his pleading identifies no specific harm or negative impact on his litigation. Accordingly, the Court finds Plaintiff fails to state a claim for denial of his right to counsel under the Sixth Amendment.

**C. Due Process Right to A Fair Hearing**

The Court next examines whether Defendants violated Plaintiff's due process right to a fair hearing when they refused to transfer him closer to his attorneys and his court appearances. The Fourteenth Amendment prohibits the deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To state a procedural due process violation under the Fourteenth Amendment, a plaintiff must, as a threshold matter, identify a liberty or property interest protected by the Constitution. *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). A constitutionally cognizable property or liberty interest requires a "legitimate claim of entitlement"—*i.e.*, an "existing law, rule, or understanding [that] makes the conferral of a benefit 'mandatory.'" *Id.* (*citing Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760 (2005)). The Supreme Court has found no protected liberty interest in being incarcerated at a particular institution. *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Here, Plaintiff fails to allege a procedural due process claim because Plaintiff has no

protected liberty interest in being housed at a particular prison.[3]  *See Olim*, 461 U.S. at 248; *Montanye*, 427 U.S. at 242.  For the above reasons, the Court finds Plaintiff fails to state a due process claim and dismisses this claim from the Complaint.

**D. Leave to Amend**

Because there is no protected liberty interest in being incarcerated at a specific institution, further amendment of Plaintiff's due process right to a fair hearing claim would be futile.  *Meachum*, 427 U.S. at 224–25.  Accordingly, Plaintiff's right to a fair hearing claim is dismissed with prejudice.  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"); *see also Oden v. California*, 2019 WL 397992, at *3 (C.D. Cal. Jan. 31, 2019), aff'd 848 F. App'x 682 (9th Cir. 2021) (dismissing with prejudice due process claims based on denial of prison transfer).

In light of Plaintiff's *pro se* status, the Court grants him leave to amend the remaining claims in his Complaint so that he can attempt to allege a plausible section 1983 claim.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## V. APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint him counsel to assist him with discovery in this case.  Dkt. 3 at 1.  While the United States Constitution provides no right to appointment of counsel in civil cases, s*ee Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), the Court may, in its discretion, appoint counsel for an individual who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  Such requests are granted only in "exceptional

---

[3]  To the extent Plaintiff claims he was denied due process when he was refused transfer to a lower custody level, that claim fails for the same reason.

circumstances," after an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Plaintiff bears the burden of showing that exceptional circumstances exist.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the Court declines to appoint Plaintiff counsel because he has not demonstrated likelihood of success on the merits nor an inability to articulate his claims *pro se*.  As discussed above, the Court dismisses his current Complaint for failure to allege a valid claim.  As such, he has not demonstrated that he is likely to succeed on the merits.  Moreover, the Court finds that Plaintiff's claims—that his inability to be close to his attorney and to the court impaired his ability to litigate—are not factually or legally complex.  For the above reasons, the Court finds that no exceptional circumstances warrant the appointment of counsel at this time.  *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff's motion for appointment of counsel is **DENIED** without prejudice and may be renewed at a later stage of these proceedings.

## VI. CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (Dkt. 2);

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $405 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2);

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4. **DENIES** Plaintiff's Motion to Appoint Counsel (Dkt. 3);

5. **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend his access to courts and right to counsel claims only, based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: January 31, 2024

_____
Hon. Jinsook Ohta
United States District Judge