UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br>CDCR #T-01859,<br><br>                         Plaintiff,<br><br>  vs.<br><br>K. WILLIAMS, et al.,<br><br>                         Defendants. | Case No. 23cv1142-JO-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURUSANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

Plaintiff Dai Nguyen is a state prisoner incarcerated at Calipatria State Prison in Calipatria, California. Proceeding *pro se*, he filed this lawsuit alleging that correctional counselors violated his constitutional rights when they denied his requests to transfer prisons to be closer to his attorneys and court proceedings. *See* Dkt. 9 ("First Amended Complaint"). After screening Plaintiff's First Amended Complaint, the Court dismisses his claims with prejudice for the reasons stated below.

## I. BACKGROUND

Plaintiff filed his original complaint on June 14, 2023, alleging that prison counselors denied his many requests to transfer prisons as follows.

- After filing a petition for resentencing in January 2019, Plaintiff requested to be transferred to New Folsom State Prison ("Folsom") so that he could be "close to [his] court-appointed lawyer and discuss legal matters for pending court dates." Dkt. 1, Compl. at 3. Counselor Gray denied his transfer request. *Id.*

1

- In October 2019, after filing a second petition for resentencing and to be appointed counsel, Plaintiff again requested to be transferred to Folsom to attend a hearing in that matter. *Id.* Counselor Martinez denied this request. *Id.*

- Plaintiff renewed his request to transfer by asking Counselor Zepeda, but Counselor Williams "vehemently denie[d this] transfer. *Id.* at 4.

- Prior to his August 21, 2020 court hearing, Plaintiff asked Counselor Zepeda for an early transfer to a facility near the court. *Id.* at 5. Officers ultimately denied his transfer and he was forced to appear in court virtually. *Id.*

- Plaintiff requested another transfer in December 2021 due to an alleged hearing impairment. *Id.* at 6. This request was also denied. *Id.*

- At Plaintiff's annual committee meeting for 2022, Plaintiff requested and was denied a transfer. *Id.* The prison also denied a previously approved transfer to Corcoran State Prison. *Id.*

Dkt. 8, Order Screening Complaint at 2-3.

Based on these facts, Plaintiff alleged that prison counselors denied his rights to access the courts, benefit from the assistance of counsel, and receive a fair hearing. *See generally* Compl. Upon screening Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii), the Court dismissed these three claims but granted him leave to amend his access to courts and denial of counsel claims. Order Screening Complaint at 10. In this dismissal order, the Court instructed Plaintiff that in order to state a claim for relief on these grounds, he must allege specific prejudice impacting his litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 5-7. The Court also instructed Plaintiff that his amended complaint must be complete in and of itself without reference to his original complaint and warned him that any defendants not renamed and any claims not realleged in his amended complaint would be considered waived. *Id.* at 10.

In response, Plaintiff filed an amended complaint and sought to establish prejudice and injury by adding the following allegations.

- He was unable to fully present unspecified claims at an order to show cause hearing because he was not physically present at the hearing and his appointed attorney was not available for a telephone call before the hearing.  FAC at 1-2.
- Because he could not meet with his attorney in person prior to the order to show cause hearing, he (1) could not speak without being overheard by prison guards; (2) could not determine if his appointed attorney was racially biased and should be replaced; and (3) could not personally argue points of law regarding his eligibility for resentencing.  *Id.* at 2-4.
- The court denied his petition for resentencing as successive on April 14, 2023, because he could not present all issues in the first petition or argue that his second petition should not be denied as successive.  *Id*. at 5.  Plaintiff claims this denial was because he could not articulate his legal arguments in a virtual, as opposed to in-person, hearing.  *Id.* at 4.
- His court date was continued on the grounds that he tested positive for COVID.  Had he been able to inform his attorney that his results were actually negative, his court date would not have been moved.  *Id.* at 5.
- Because he could not meet with his attorney in person, Plaintiff was unable to direct him to important documents such as police reports and transcripts and he could not advise his attorney that the trial judge had wrongfully instructed the jury on felony murder.  He alleges that this failure to present a manslaughter instruction to the jury "gave the prosecution and judge an unfair advantage." *Id*. at 6-7.
- Because he missed a February 24, 2023 court date, the court appointed him the same attorney who had previously failed to present his arguments during Plaintiff's first resentencing hearing.  *Id*. at 8.

Despite the Court's instructions, Plaintiff included the above allegations in his amended pleading but did not reallege his previous factual allegations and rename all his defendants in order to provide the Court with a complete pleading of all allegations and defendants.  *See generally id.*

Additionally, on May 6, 2024, Plaintiff filed a motion to serve the summons on Defendants and a motion to appoint counsel. Dkts. 12, 13.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding IFP, his complaint must undergo a *sua sponte* screening for dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (same with respect to 28 U.S.C. § 1915A(a) & (b)(1)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* Although failure to state a claim under § 1915(e) incorporates the Rule 12(b)(6) standard, an IFP litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

When a court dismisses a complaint, it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to

deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds).

### III. DISCUSSION

The Court dismissed Plaintiff's original claims for violations of his right to access the courts and his right to counsel because he failed to specify that his litigation was prejudiced. In screening this amended complaint, the Court considers whether Plaintiff's newly added allegations sufficiently plead that Defendants' failure to transfer him prejudiced his litigation such that these claims may proceed.

**A. Access to Courts**

The Court first considers whether Plaintiff has stated a claim for denial of access to courts based upon Defendants' denial of his requests to transfer prisons. Under the First and Fourteenth Amendments, a prisoner has a fundamental right of access to courts without interference by prison officials. *Lewis v. Casey*, 518 U.S. 343, 352 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by *Richey v. Dahne*, 807 F.3d 1202 (9th Cir. 2015). To plead a denial of access to courts claim, a plaintiff must plausibly allege an "'actual injury'—that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis*, 518 U.S. at 348–49; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (noting that an actual injury includes an "inability to file a complaint or defend against a charge"). "Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to an access to courts claim. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Plaintiff's amended pleading fails to specify that he suffered actual prejudice to his litigation and, therefore, fails to cure the pleading deficiencies in his original access to courts claim. *See generally* FAC at 1-8. Plaintiff's new allegations itemize additional

instances where he could not present arguments because he was not physically present in court, but he fails to specify what those arguments would have been and what actual litigation prejudice resulted. *Id.* at 1-2, 4. It does not suffice for Plaintiff to broadly conclude that certain petitions would not have been dismissed if he had been able to speak in court. *See Lewis*, 518 U.S. at 348–49. He also raises the concerns that his physical distance caused him to be represented by attorneys who (1) were possibly racist or (2) had previously provided him with ineffective assistance. FAC at 2, 8. These speculations are, again, not accompanied by factual allegations about what these attorneys failed to do and any specific litigation consequences resulting from their failures. *See Lewis*, 518 U.S. at 348–49. Because Plaintiff's allegations regarding his access to courts claim are not sufficient to show that any non-frivolous legal claim has been frustrated, he has not pled that he suffered "actual prejudice." Thus, his access to courts claim is dismissed. *See Alvarez*, 518 F.3d at 1155 n.1; *Iqbal*, 556 U.S. at 678.

**B. Right to Counsel**

The Court next addresses whether Plaintiff has stated a claim for denial of his right to counsel. The Sixth Amendment prohibits government interference into the attorney-client relationship. *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980). To state a violation of the Sixth Amendment's right to counsel through government interference, the plaintiff must allege that he was substantially prejudiced by the government's actions. *Id.*; *see also Weatherford v. Bursey*, 429 U.S. 545, 558 (1977) (finding that plaintiff could not state a section 1983 claim for violation of his right to counsel without demonstrating substantial prejudice). Some examples of "substantial prejudice" includes the introduction of negative evidence at trial, "the prosecution's use of confidential information pertaining to defense plans and strategy," and "other actions designed to give the prosecution an unfair advantage at trial." *Williams v. Woodford*, 384 F.3d 567, 585 (9th Cir. 2004). Vague and conclusory allegations regarding unspecified barriers to a prisoner's relationship with counsel fail to state a section 1983 claim for deprivation of the right to counsel. *See Stanley v. Vining*, 602 F.3d 767, 770 (9th Cir. 2010).

Plaintiff's complaint also fails to state a claim for denial of his right to counsel because it does not plead "actual prejudice." In his amended pleading, Plaintiff alleges that he was disadvantaged because he could not review key documents with his attorney in person and point out important information to him. FAC at 6-7. As a result, he could not point out to his attorney that the court had provided the wrong jury instruction during trial and, presumably, his attorney could not raise that argument for him to support his resentencing requests. *Id*. at 7. He does not, however, explain how the failure to make that argument specifically impacted the outcome of his resentencing petition or any other ruling. *See id*.; *Williams*, 384 F.3d at 585. Because he identifies no specific harm or negative impact to his litigation resulting from the fact that he was not housed in physical proximity to his lawyers, Plaintiff fails to state a claim for denial of his right to counsel. *See Iqbal*, 556 U.S. at 678; *Stanley*, 602 F.3d at 770.

**C. Incomplete Pleading**

Additionally, the fact that Plaintiff's amended complaint is not complete in itself provides an independent basis for dismissal. The Court explicitly informed Plaintiff that the amended complaint must be complete without reference to the prior dismissed complaint. S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). Here, Plaintiff's amended complaint refers to defendants from the original Complaint without renaming any individual defendant or including any factual allegations regarding what they did or failed to do. *See generally* FAC. While the Court cautioned Plaintiff that his new complaint must be complete by itself and outlined the consequences of failing to do so, *see* Order Granting Dismissal at 10, Plaintiff did not comply with these instructions. As such, Plaintiff's failure to name any individual defendants or include any facts about their alleged wrongful conduct in his most recent pleading provides additional grounds for dismissal.

**D. Leave to Amend**

The Court declines to grant Plaintiff further leave to amend his complaint. Plaintiff

has had two opportunities to specify the harm to his litigation as a result of being housed far from the courthouse and his attorneys. At this point, it appears Plaintiff is unable to add additional facts which would demonstrate that he suffered actual prejudice to his litigation by Defendants' failure to transfer him to a different prison. The Court, therefore, finds that granting leave to amend would be futile. *See Miller*, 845 F.2d at 214. Further, in his amended complaint, Plaintiff has not realleged the names of any individual Defendant or identified their specific wrongful conduct despite the fact he was warned by the Court that failure to do so may result in dismissal of the case. *See* Order Granting Dismissal at 10; *Lira*, 427 F.3d at 1169. Accordingly, for both of these reasons, the Court denies further leave to amend and dismisses Plaintiff's complaint with prejudice.

**E. Plaintiff's Objection to the Court's Due Process Dismissal**

Plaintiff also filed an objection to the Court's order dismissing his due process claim with prejudice. Dkt. 10. For the reasons stated in the Court's January 31, 2024 Order, Section IV, C, Plaintiff's objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court *sua sponte* DISMISSES Plaintiff's First Amended Complaint without further leave to amend based on his failure to state a claim upon which relief may be granted. Dkt. 9. The Court also OVERRULES Plaintiff's objection, Dkt. 10, to the Court's order dismissing his due process claim with prejudice, Dkt. 8, and DENIES AS MOOT Plaintiff's motions to serve the complaint and appoint counsel. Dkts. 12, 13. The Clerk of Court is DIRECTED to close the case.

**IT IS SO ORDERED**.

DATE: June 3, 2024

Hon. Jinsook Ohta
United States District Judge