UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br>CDCR #T-01859,<br><br>                          Plaintiff,<br><br>   vs.<br><br>K. WILLIAMS, et al.,<br><br>                         Defendants. | Case No. 23cv1142-JO-KSC<br><br>**ORDER DENYING AMENDED MOTION TO APPOINT COUNSEL AND DENYING MOTION FOR RECONSIDERATION** |

      Plaintiff Dai Nguyen is a state prisoner incarcerated at Calipatria State Prison in Calipatria, California.  Proceeding *pro se*, he filed this lawsuit alleging that correctional counselors violated his constitutional rights when they denied his requests to transfer prisons to be closer to his attorneys and court proceedings.  *See* Dkt. 9 ("First Amended Complaint").  On June 3, 2024, the Court entered a final judgment of dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Dkt. 14.  After this case was dismissed and closed, Plaintiff filed "Objections" to this ruling, Dkt. 17, and a motion to appoint counsel.  Dkt. 15.

      Because Plaintiff's Objections challenge the Court's final judgment in this case, the Court will construe this filing as a motion for reconsideration under Federal Rules of Civil

1

Procedure Rule 59(e) and S.D. Cal. Civil Local Rule 7.1(i). "In general, there are four basic grounds upon which a [reconsideration] motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *See* Fed. R. Civ. P. 59(e); S.D. Cal. CivLR 7.1(i). Because reconsideration is an extraordinary remedy, such motions "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Moreover, a reconsideration motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, the Court previously dismissed Plaintiff's claims and concluded that their deficiencies could not be cured by additional allegations. Dkt. 14. Plaintiff has identified no change in controlling law, no newly discovered facts, and no manifest error that would justify modifying the Court's previous conclusion. *See Allstate*, 634 F.3d at 1111. He appears to merely disagree with the Court's legal determination; such disagreements do not amount to manifest injustice and are insufficient to warrant relief under Rule 59(e).

## CONCLUSION AND ORDER

Accordingly, the Court:

1) **DENIES** Plaintiff's Objections, which the Court liberally construes as a motion for reconsideration, Dkt. 17;

2) **DENIES AS MOOT** Plaintiff's amended motion to appoint counsel, Dkt. 15, as the case is closed, and;

3) **CERTIFIES** that an IFP appeal from either this order or the Court's June 3, 2024, Order would be frivolous and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATE:   June 12, 2024

_____
Hon. Jinsook Ohta
United States District Judge